UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES GRZELEWSKI,

       Plaintiff,

                **Hon. Hugh B. Scott**

                **17CV884V**

     v.

                **Report
&
Recommendation**

M&C HOTEL INTERESTS, INC.,

       Defendant.

---

  This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 7). The instant matter before the Court is a defendant's motion (Docket No. 6) to dismiss. Initially, responses were due by November 8, 2017 (Docket No. 8), but were extended (see Docket No. 10) to November 15, 2017, with reply due November 22, 2017 (Docket No. 11). Plaintiff filed his response (Docket No. 12) and defendant replied (Docket No. 13).

## BACKGROUND

  This is an Americans With Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), and Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. ("ADEA"), action, where plaintiff also alleged state law claims (Docket No. 1, Compl.). While employed by defendant, plaintiff was a "Maintenance Worker" with duties including traversing the hotel grounds to assess problems and make repairs (id. ¶¶ 6, 14; see Docket No. 6, Def. Memo. at 1).

Plaintiff is legally blind and 60 years old (Docket No. 1, Compl. ¶ 6) and worked at defendant's hotel since 1997 as a maintenance worker. He alleges that he was terminated in January 2016 after asking for a different magnifier (id. ¶¶ 13, 16-7, 20, 23-24). Due to being legally blind, plaintiff in November 2015 sought a bench model "V-Tech Magnifier" to use while reading and writing while performing maintenance (id. ¶ 13). Defendant's chief engineer denied the magnifier (a device plaintiff says is about the size of a desktop computer, id. ¶ 19) allegedly because the magnifier took up too much space (id. ¶ 17). Plaintiff was compelled to use an old, worn out portable magnifier that was difficult for plaintiff to use to read and write with (id. ¶ 18). The unit plaintiff wanted to use was not sufficiently portable that he could transport it to and from his home (id. ¶ 19). While needing the magnifier to read maintenance request forms and to write reports, defendant would not allow plaintiff to use that magnifier "despite the fact that it would not have caused undue hardship or a burden" to defendant (id. ¶¶ 21, 20).

On January 25, 2016, plaintiff was told that his last day at work was January 29, 2016 (id. ¶ 24). Defendant's officials noted that plaintiff's performance had fallen off and one official at the meeting said that plaintiff could now retire (id. ¶¶ 25, 26). Plaintiff, however, was not ready to retire when terminated (id. ¶ 28). Up to that time, plaintiff had no disciplinary or safety issues in his personnel record and the New York State Division of Human Rights ("NYSDHR") found that defendant's argument that safety concerns led to the dismissal were pretextual (id. ¶¶ 29, 30, 34 Ex. B, NYSDHR Determination at 4). The NYSDHR further found that the evidence supports "a reasonable belief that Complainant was denied reasonable accommodation for his disability and then was terminated because of it" (id. ¶ 32, Ex. B, NYSDHR Determination at 3).

The NYSDHR found that defendant did not provide reasonable accommodation in denying plaintiff's use of the magnifier of his choice (id. ¶ 33). Plaintiff alleges disability (his legal blindness) and age were factors in his termination (id. ¶ 35).

Plaintiff alleges that defendant discriminated against him in violation of New York State Human Rights Law (id. ¶ 38), although he did not allege this as a distinct cause of action.

Plaintiff seeks a permanent injunction to enjoin defendant from discriminating against individuals because of age or disability and to order defendant to institute policies to provide equal employment opportunities for qualified individuals with a disability (id. at page 8). He also seeks compensatory damages in back pay and lost wages, the value of lost benefits, with interest, other expenses (id. at 8-9).

*Defendant's Motion to Dismiss*

In lieu of an Answer, defendant moves to dismiss (Docket No. 6). Defendant argues that plaintiff fails to state a claim in this Complaint (id.). First, plaintiff failed to satisfy Title VII, 42 U.S.C. § 2000e, by not alleging a Title VII violation in the administrative complaint to the NYSDHR (id., Def. Memo. at 3-4[1]). Defendant next claims that plaintiff had the burden of showing that with reasonable accommodation, he could perform the essential functions of his job, McBride v. BIC Consumer Prod. Mfg. Co., 583 F.3d 92, 97 (2d Cir. 2009) (id. at 5-6). If no reasonable accommodation can be shown that would allow plaintiff to perform the essential functions, a violation cannot be found, see id. (id. at 6). Defendant argues that the magnifier plaintiff wanted for his work only addressed reading and writing and did not consider the other

---

[1]Defendant's Memorandum of Law, Docket No. 6, is not paginated, but cf. W.D.N.Y. Loc. Civ. R. 10(a)(5).

3

essential functions of a maintenance worker (id.). Plaintiff admits that the magnifier he wanted was not portable and could not be used in maintenance on hotel grounds (id.).

As for plaintiff's age discrimination claims (either under the ADEA or New York State Human Rights Law, under equivalent standards), plaintiff needed to allege that an adverse action (here his premature "retirement") was taken against him by defendant employer and that plaintiff's age was the "but-for" cause of the adverse action, Marcus v. Leviton Mfg. Co., 661 F. App'x 29, 31-32 (2d Cir. 2017) (id. at 7). A single solitary statement regarding retirement (as alleged here) is insufficient to state an ADEA claim (id.), Douglas v. Banta Homes Corp., No. 11 Civ. 7217, 2012 U.S. Dist. LEXIS 138442, at *10 (S.D.N.Y. Sept. 21, 2012). Plaintiff only alleges that his age was "a" factor, not "'the' driving factor in the decision to terminate" him (id. at 8). Defendant also argues that making a comment about retirement does not create an inference of age discrimination (id. at 8-9).

Plaintiff responds that he met the jurisdictional prerequisite to sue under ADA (Docket No. 12, Pl. Response at 8). Plaintiff duly filed in both the NYSDHR and the EEOC (as conceded by defendant) (id.). As for pleading an ADA claim, plaintiff argues that he made a short and plain statement, see Fed. R. Civ. P. 8(a); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007), that satisfies his pleading requirements in alleging a plausible claim and that defendant asserts an incorrect, heightened pleading standard (id. at 8-10). He alleges that he was qualified to perform the other essential functions of the position as maintenance worker, noting the NYSDHR finding that the accusation of safety risk was pretextual (id. at 10-12). He also claims that he alleged an ADEA claim, by asserting the claim twice in the Complaint (id. at 12, citing Docket No. 1, Compl. ¶¶ 35, 26).

4

Defendant replies, first, that plaintiff still had not alleged a violation of Title VII in his EEOC or NYSDHR complaint, thus the Title VII claim should be dismissed (Docket No. 13, Def. Reply Memo. at 1). Defendant continues to contend that plaintiff fails to allege that he performs the essential functions of his former position, with the Complaint still not alleging that he can perform the other essential functions as a maintenance worker save reading and writing (id. at 2-3, citing cases holding that plaintiffs admitting that they cannot perform the essential functions of their respective jobs) or that he could perform those functions with reasonable accommodation (id. at 3-4). Furthermore, since plaintiff was not qualified for the position, he also failed to allege an ADEA claim (id. at 5). He also failed to allege an inference of age discrimination from the solitary comment (id. at 5-8).

Plaintiff in his conclusion sought denial of defendant's motion and imposition of costs and attorney's fees (Docket No. 12, Pl. Memo. at 13). Defendant replies that those fees are only available under Rule 11 and plaintiff had not moved for Rule 11 sanctions (Docket No. 13, Def. Reply at 8).

**DISCUSSION**

I. Applicable Standards

    A. Motion to Dismiss

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the Supreme Court held in Twombly, supra, 550 U.S. 554, a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does

5

not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007). To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5. As recently reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

B.    ADA and Age Discrimination in Employment Act

To state a claim for disability discrimination under the ADA, the plaintiff has to show that he is disabled as defined by that act; that he was otherwise qualified to perform the essential functions of the job; and that the suffered an adverse employment action because of his disability, Needle v. Alling & Cory, Inc., 88 F. Supp. 2d 100, 104 (W.D.N.Y. 2000) (Larimer, J.) (citations omitted) (Docket No. 6, Def. Memo. at 4-5); 42 U.S.C. § 12102(2)(A)-(C). Performance of essential functions of the job includes either with or without reasonable accommodations, Shannon v. New York City Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003); Lyons v. Legal Aid Soc'y, 68 F.3d 1512, 1515 (2d Cir. 1995); 42 U.S.C. § 12111(8). Forms of reasonable accommodation include "acquisition of devices to assist the performance of job duties," McBride, supra, 583 F.3d at 97; 42 U.S.C. § 12111(9)(B).

Disabilities discrimination claims under the New York State Human Rights Law, N.Y. Exec. L. §§ 290-301, also are governed by the same standard as for the ADA, Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 n.3 (2d Cir. 2006) (Docket No. 6, Def. Memo. at 4).

Disparate treatment employment discrimination claims (including under the ADA) is evaluated under the burden-shifting analysis developed under Title VII in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506-11 (1993), and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981), see Needle, supra, 88 F. Supp. 2d at 104.

Finally, claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq., also are analyzed under the burden-shifting framework of McDonnell Douglas, Priemogentio v. Board of Coop. Educ. Servs. (BOCES) Erie One, No. 10CV887, 2013 U.S. Dist.

LEXIS 144868, at *34 (W.D.N.Y. July 16, 2013) (McCarthy, Mag. J.). Here, plaintiff has to allege that he was in the protected age group, that he qualified for the position, that he experienced an adverse employment action, and that the action occurred under circumstances that give rise to an inference of discrimination, id. Once alleged, the burden shifts to the defendant employer to articulate a legitimate, non-discriminatory reason for the employment action, and, if offered, plaintiff then must come forward with evidence that the defendant's proffered reason was mere pretext for discrimination, id. at *34-35 (citations omitted). As with the ADA, this federal standard applies to claims under the New York State Human Rights Law, Ndremizara v. Swiss Re Am. Holding Corp., 93 F. Supp. 3d 301, 310 n.6 (S.D.N.Y. 2015); cf. Priemogentio, supra, 2013 U.S. Dist. LEXIS 144868, at *34 n.18 (noting that the Second Circuit has not decided whether the New York State Human Rights Law age discrimination claims are coterminous with the ADEA, but court adopting "but-for" causation analysis for the New York State claim).

II.     Failure to State a Claim

    A.     ADA

First, defendant argues that plaintiff did not allege a Title VII claim before the EEOC or the NYSDHR; hence, plaintiff cannot allege a Title VII claim here. Plaintiff, however, only alleges Title VII (see Docket No. 1, Compl. §§ 1, 8) as being incorporated in his ADA claim. The ADA incorporates the powers and remedies of Title VII, see 42 U.S.C. §§ 12117(a), 12111(7) (citing "powers, remedies, and procedures" of 42 U.S.C. §§ 2000e-5(f)(1), (3), 2000e(g), (h) as the powers, remedies and procedures under the ADA). Unlike ADEA, plaintiff

is not alleging a distinct Title VII claim. Since the ADA incorporates the same powers and remedies as Title VII, plaintiff need not allege a claim under Title VII to assert his ADA claim.

Applying the elements for an ADA claim, plaintiff alleges a disability (legal blindness) and suffering an adverse employment action due to his disability (denial of an accommodating device and termination). What is an open question is whether he alleges that he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation. He asserts that he needed the new magnifier to do two essential functions of his job, reading and writing (see Docket No. 1, Compl. ¶¶ 21, 22), as a reasonable accommodation. Plaintiff does not allege that he otherwise could perform the essential functions of his job as a maintenance worker (see Docket No. 13, Def. Reply at 2). The magnifier he desires does not appear to allow for performance of the job of maintenance in a hotel wherein he would have to travel the grounds to do his job. He describes the magnifier as being as large as a desktop computer and not portable enough for plaintiff to transport to and from his home (Docket No. 1, Compl. ¶ 19). Thus, there is a factual issue whether use of that device is a reasonable accommodation for a maintenance worker.

This is a motion to dismiss rather than a motion for summary judgment. Defendant argues that plaintiff fails to allege facts sufficient to show that he can perform the essential functions of his job (Docket No. 6, Def. Memo. at 5; Docket No. 13, Def. Reply at 2-3). Aside from reading and writing, plaintiff only mentions that "part of his job" required his to "traverse the hotel grounds around and inside of the hotel to assess problems and to make the necessary repairs" (Docket No. 1, Compl. ¶ 14). He does not allege that he was able to perform those essential functions of walking the grounds, observing and assessing problems, and making

9

repairs, or state the other essential functions of a maintenance worker in defendant's hotel and his ability to perform them. Defendant in reply cites three cases for the proposition that the plaintiffs' failure to prove that they were otherwise qualified to perform the essential functions of their jobs (Docket No 13, Def. Reply at 2-3, cases cited discussed below). Each of these decisions was on motions for <u>summary judgment</u> discussing plaintiffs' inability to perform the essential functions of those respective positions, <u>Shannon</u>, <u>supra</u>, 332 F.3d at 97; <u>Lowry v. Eastman Kodak Co.</u>, 14 F. App'x 27, 30 (2d Cir. 2001) (summary Order); <u>Needle</u>, <u>supra</u>, 88 F. Supp. 2d at 102; <u>Micari v. TWA</u>, 43 F. Supp. 2d 275, 278 (E.D.N.Y. 1999). These cases did not turn on those plaintiffs' pleading on their ability to perform. This case, however, is on a motion to dismiss, a test of the pleadings and not of the proof. Defendant did not move, in the alternative, for summary judgment (complete with an evidentiary record to determine whether there was a material issue of fact and whether defendant was entitled to judgment as a matter of law).

Plaintiff plausibly plead an accommodation for two essential functions for his job without addressing whether he can perform other aspects of his job (such as traversing the grounds or identifying and making repairs) with or without accommodation. Plaintiff worked at defendant's hotel since 1997 (Docket No. 1, Compl. ¶ 6) being legally blind. Implicit in the Complaint is plaintiff's ability to perform the other essential functions as a maintenance worker. Can this Complaint survive merely on this implication? Compare <u>Price v. Berkshire Farm Ctr. & Servs. For Youth</u>, No. 6:12-CV-1797, 2013 U.S. Dist. LEXIS 173764, at *6, 9-10 (N.D.N.Y. Dec. 9, 2013)[2], which denied the motion to dismiss when the plaintiff failed explicitly to allege an

---

[2]Plaintiff represented by same attorney as plaintiff in this case.

accommodation, but holding that plaintiff presented an accommodation "by implication" in her complaint by detailing unapproved leave requests. As a result, this Court recommends granting defendant's motion to dismiss, but without prejudice to plaintiff moving for leave to amend (if he so chooses), to make explicit what this Court suggests may be implied in the Complaint about the other essential functions of his former job. Upon that amendment, defendant has several points during the course of this case to dispute the allegation of plaintiff's ability to perform whatever identified other essential functions are claimed by plaintiff. Defendant can oppose granting leave to amend on prejudice, futility or undue delay grounds, cf. Fed. R. Civ. P. 15(b); if leave were granted, defendant could move to dismiss the Amended Complaint. Then if the claim survives any renewed motion to dismiss, the parties could conduct discovery as to plaintiff's abilities. Finally, either on a motion for summary judgment or trial, the questions of whether (with or without reasonable accommodation) plaintiff could perform the essential functions of the job (including reading and writing for which he seeks the magnifying device) could be determined. Granting defendant's motion to dismiss this initial Complaint should be **without prejudice to plaintiff filing a timely motion to amend the Complaint** to address this omission, see 2-12 Moore's Federal Practice—Civil § 12.34[5] (2017) (dismissal without prejudice is not final and it is an implicit invitation by the Court to cure the deficiencies in the Complaint).

As for the present Complaint, defendant's motion to dismiss should be **granted but with leave to amend to allege ability to perform essential functions besides reading and writing**. After final action on defendant's motion to dismiss by Judge Vilardo (assuming adoption of this part of the Report), plaintiff has **twenty-one (21) days** from entry of Judge Vilardo's Order to

file and serve a motion for leave to amend the Complaint (or such time as ordered by Judge Vilardo).

      B.      Age Discrimination

On this portion of plaintiff's claim, the issue is whether plaintiff alleged more than a solitary instance of age discrimination to state an ADEA claim. Plaintiff counts the statement by defendant's officials at announcing his termination that he was close to retirement and his allegation that age was a factor in his termination (Docket No. 12, Pl. Memo. at 12; see Docket No. 1, Compl. ¶¶ 26, 35) as multiple instances. The ADEA requirement against a solitary instance requires a showing that age was more than just an isolated instance but the "but-for" cause for plaintiff's termination, Douglas, supra, 2012 U.S. Dist. LEXIS 138442, at *10, 1 (summary judgment motion). The Complaint's paragraph 35 allegation that age was a factor was a conclusion from the statement alleged in paragraph 26; therefore, these are not multiple instances of age discrimination. This is not enough to allege an ADEA claim. Plaintiff does not allege other instances of discrimination based upon his age, despite alleging that he was 60 years old when he was terminated (cf. Docket No. 1, Compl. ¶¶ 6, 26) to meet his burden that age was the "but-for" cause for his termination. By not alleging a separate ADEA claim from the ADA claim, plaintiff did not allege in the alternative that age was the "but-for" cause of his termination. Defendant's motion to dismiss so much of the Complaint alleging an ADEA claim (Docket No. 6) should be **granted**.

III.      Results

If this Report is adopted, the original Complaint would be dismissed (especially the ADEA portion of his claim) but plaintiff has leave to amend as to his ADA claim. If plaintiff

fails to amend, the dismissal would become final, see 2-12 Moore's Federal Practice—Civil § 12.34[5], supra. If plaintiff moves for leave to amend, this Court will set a briefing schedule for that motion. Eventually, if any part of this action survives, a Scheduling Order will need entry.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion to dismiss (Docket No. 6) be **granted, but with leave for plaintiff to move to amend the Complaint to reassert his Americans with Disabilities Act claim**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72(b).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72(b), "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 2, 2018