UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

James Grzelewski,

       Plaintiff,

  v.                                      17-CV-884
                                          ORDER

M&C Hotel Interests, Inc.,

       Defendant.

On September 8, 2017, the plaintiff commenced this action. Docket Item 1. On October 16, 2017, this Court referred this case to United States Magistrate Judge Hugh B. Scott for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 7.

On October 13, 2017, the defendant moved to dismiss the complaint for failure to state a claim, Docket Item 6; on November 14, 2017, the plaintiff responded, Docket Item 12; and on November 22, 2017, the defendant replied, Docket Item 13. On January 2, 2018, Judge Scott issued a Report and Recommendation finding that the defendant's motion should be granted as to the age discrimination claim, but that the plaintiff should be given leave to amend the disability discrimination claim. Docket Item 14. The parties did not object to the Report and Recommendation, and the time to do so now has expired. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Indeed, on January 15, 2018—the day before objections were due—the plaintiff's counsel sent a letter indicating that the plaintiff "does NOT object to the recommended findings and . . . intends to move this Court for leave and for permission to file his first amended

complaint for the very reasons cited in this Court's recommended filings and proposed order."  Docket Item 15.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Scott's Report and Recommendation.  Judge Scott recommends that the age discrimination claim should be dismissed because "[b]y not alleging a separate ADEA claim from the ADA claim, [the] plaintiff did not allege in the alternative that age was the 'but-for' cause for his termination."  Docket Item 14 at 12.  But "all that is required at this stage of the proceedings is that the complaint contain sufficient facts to make plausible the conclusion that 'but for' [his] age [the plaintiff] would still be employed."  *Fagan v. U.S. Carpet Installation, Inc.*, 770 F. Supp. 2d 490, 497 (E.D.N.Y. 2011) (quotation and citation omitted).  Moreover, "a party pleading in the alternative does not have [to] separately identify the statements as alternative theories in separate counts or factual allegations."  *Id.*  Therefore, and especially because the plaintiff will be given leave to amend his disability discrimination claim, this Court will modify the Report

2

and Recommendation to grant the plaintiff leave to amend his age discrimination claim as well, if he is so inclined.

For the reasons stated above and in the Report and Recommendation, the defendant's motion to dismiss the complaint for failure to state a claim, Docket Item 6, is DENIED, and the plaintiff is granted leave to move to amend the claims in the complaint by February 9, 2018. If the plaintiff does not move to amend the complaint by February 9, 2018, the defendant's motion to dismiss will be granted and the Clerk of Court will close the case. The case is referred back to Judge Scott to consider any motion for leave to amend the complaint filed by February 9, 2018.

SO ORDERED.

Dated: January 18, 2018
Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE